NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3466
_____

BRIAN WHITE,

Appellant

v.

JACK BROMMER; BOROUGH OF COLUMBIA;
MATTHEW LEDDY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-09-cv-04353)
Honorable James Knoll Gardner, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
June 26, 2012

BEFORE:  FISHER and GREENBERG, Circuit Judges,
and OLIVER, District Judge*

(Filed: July 16, 2012)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.


*Honorable Solomon Oliver, Jr., Chief Judge of the United States District Court for the
Northern District of Ohio, sitting by designation.

This matter comes on before this Court on an appeal by plaintiff-appellant Brian White from an order granting summary judgment against him entered August 17, 2011, in this civil action which arose out of a disturbance in a bar in the Borough of Columbia in Lancaster County, Pennsylvania, on May 24, 2009. We only summarize the critical facts inasmuch as the District Court set forth the facts more completely in its comprehensive opinion accompanying the order of August 17, 2011.

It is undisputed that White, who was employed at the bar though was off duty at the time of the disturbance but was in the bar as a patron, was involved in that incident. In his brief he minimizes the incident by describing it, without giving details, as "a minor altercation." Appellant's br. at 2. In point of fact, White shoved Darryl Leese, another patron at the bar, to the floor because Leese, in White's opinion, had harassed a female patron at the bar. There is, however, a dispute concerning whether Leese actually harassed the woman as the bartender did not think that he had done so.

There is no dispute except that the bartender called the police emergency telephone number and advised the operator that White "flipped out and knocked a guy off the bar stool." As a result the police came to the bar, but by the time they arrived White had left. The police later arrested White at another location. There is a dispute as to the effect of White's consumption of alcohol on his condition as he denies being intoxicated, a contention that the bartender has supported. On the other hand, when the police encountered White they thought that he was intoxicated. It is also undisputed that White was in the bar for about five hours before the incident and consumed a portion of three pitchers of beer which he shared with another patron.

2

As a result of the incident, the bar terminated White's employment and the police filed disorderly conduct and public drunkenness charges against him before a district justice. The justice, however, found White not guilty on the charges, following which White brought this action.

White's complaint included claims against two police officers involved in the case and their employer, the Borough of Columbia. These claims included allegations of false arrest, malicious prosecution, violation of the right to contract, violation of the Equal Protection Clause, wrongful interference with a contractual relationship, and defamation. The contractual counts were related to the termination of his employment at the bar. In addition, he asserted that the Borough was liable to him under the principles the Supreme Court set forth in Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978). Notwithstanding the broad allegations in his complaint, White has narrowed the issues on this appeal by stating in his reply brief that "[t]he issue presented . . . for review on the appeal is whether there is a genuine issue of material fact in regards to whether the Defendants had probable cause to arrest the Plaintiff, and, consequently, whether the District Court improperly granted summary judgment in favor of the Defendants." Appellant's reply br. at 1.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367 as White has advanced both federal claims and state law supplemental claims. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review on this appeal, see Shaver v. Siemans Corp., 670 F.3d 462, 470 (3d Cir. 2012), and thus can affirm only if "there is no genuine dispute as to any material fact and [defendants are] entitled to

3

judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has indicated that a fact is material only if its resolution in favor of the party against whom the summary judgment is sought would preclude granting the motion against him. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

Clearly there are disputes of fact in this case. In particular, there is a dispute as to which police officer determined that White should be arrested, whether Leese harassed the female patron, and whether White was intoxicated at the time of the incident. But none of these factual disputes are material as their resolution cannot affect the appellees' possible liability. Based on any objective view of the evidence, the police had probable cause to arrest White as they had a reasonable basis to believe that he had committed an offense. See Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994). Thus, the resolution against him of the issue that White believes controls the outcome of this appeal requires that we affirm. Accordingly, even if a trier of fact were to resolve the discrete disputes of fact that we have identified in White's favor, the District Court properly would have granted summary judgment against him.

The order granting summary judgment entered August 17, 2011, will be affirmed.

4